IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CLAY CALDWELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:08-cv-00122 |
| ) | |
| SUPERINTENDENT LOUIS FOLINO; ) | Magistrate Judge Cathy Bissoon |
| LIEUTENANT M.A. PRICE; SGT. ) | |
| GAGNON; C.O. J. MILLER; C.O. ) | |
| LUKACHYK; C.O. TOPKA; C.O. SOKOL; ) | |
| JEFFREY A. BEARD, Secretary of ) | |
| Correction; and LT. NORMAN, ) | |
| ) | |
| Defendants. ) | Re ECF Nos. 94, 104, 105, 106 & 107 |

## MEMORANDUM ORDER

The Court of Appeals for the Third Circuit remanded this case for this Court to consider two issues only:[1] 1) Plaintiff's Eighth Amendment claim that he had been sexually harassed during pat down searches and 2) an equal protection claim, regarding the requirement that Plaintiff obtain a permit for his medicine bag and prayer feather to be kept in his cell whereas other inmates of other religious persuasions are not required to have such a permit in order to keep religious items in their cells. ECF No. 96-1 at 5 to 8.

Most recently Plaintiff has filed several motions which are the subject of this order.

First, Plaintiff filed a motion for reconsideration (ECF No. 94) of an earlier text order, dated September 29, 2010, which denied his previously filed motion for appointment of counsel. ECF No. 92. Plaintiff's Motion for Reconsideration is hereby DENIED. Although the reason originally given in the text order, dated September 29, 2010, for denying the motion for appointment of counsel, i.e., that the case was closed, is now no longer valid, given that the case

---

[1] Chief Magistrate Judge Hay previously presided over this case. This case was reassigned to the undersigned on November 1, 2010.

has been reopened upon remand from the Court of Appeals, still, Plaintiff has not convinced the court that he is entitled to appointment of counsel to litigate these two very discrete issues.

In a related note, Plaintiff has also moved for leave to file a motion for appointment of counsel.[2] ECF No. 107. Section 1915(e)(1) gives the Court broad discretion to determine whether appointment of counsel is warranted, and that determination must be made on a case-by-case basis. Tabron v. Grace, 6 F.3d 147, 157-58 (3d Cir. 1993).

As a threshold matter the district court should consider whether Plaintiff's claim has arguable merit in fact or law. Parham v. Johnson, 126 F.3d 454, 457 (3d Cir. 1997). See Tabron v. Grace, 6 F.3d at 155. If the Court determines that the claim has some merit, the Court should then consider the following factors:

> 1. the plaintiff's ability to present his or her own case;
>
> 2. the complexity of the legal issues;
>
> 3. the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;
>
> 4. the amount the case is likely to turn on credibility determinations;
>
> 5. whether the case will require the testimony of expert witnesses; and
>
> 6. whether the plaintiff can attain and afford counsel on his own behalf.

Parham v. Johnson, *supra*. "The list of factors is not exhaustive, but instead should serve as a guidepost for the district courts. Correspondingly, courts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." Id. at 458.

---

[2] While Plaintiff has styled both documents 104 and 107 as motions for leave to file particular motions, the Court notes that such leave is not required. Given this, the Court has simply opted to address the underlying motions for which Plaintiff sought leave to file.

2

After careful consideration of Plaintiff's allegations, it would appear that the appointment of counsel is not warranted. As to factor one, Plaintiff is an experienced pro se litigator, having, according to PACER, filed at least nine prisoner actions in the federal courts of Pennsylvania since 2006. We find the two discrete legal issues herein not very complex. As explained below, the claim of sexual harassment may be dismissible due to it being procedurally defaulted. As to the equal protection claim, again, we find such a claim to be fairly straight forward. As to these two discrete issues, we find that Plaintiff will be able to conduct sufficient discovery, and, indeed, appears to be well aware of how to do so. See, e.g., ECF No. 104 (motion to compel). The consideration that this case may well turn on credibility determinations is relevant only to the extent that this case will go to trial. In the Court's estimation, it is highly likely that this case may be disposed of on summary judgment. Turning to the next factor, expert testimony is not likely to be needed. Although it is unlikely that Plaintiff can obtain counsel on his own, such does not automatically outweigh the other considerations. In reviewing all of these factors, the court concludes that Plaintiff has not shown entitlement to the appointment of counsel. Accordingly, the motion for leave to file a motion for appointment of counsel, ECF No. 107 is hereby DENIED.

Plaintiff's next motion is a motion for leave to file a motion to compel. ECF No. 104. Plaintiff seeks to have the Defendants compelled to produce to him the documents allegedly required to be produced under the Initial Disclosure of Fed.R.Civ.P. 26(a)(1) and to confer pursuant to Fed.R.Civ.P. 26(f). Neither of those Rules applies herein. See Fed.R.Civ.P. 26(a)(1)(B) (which is a rule that exempts from the requirements of Initial Disclosure under Rule 26(a)(1), "an action brought without an attorney by a person in the custody of the United States,

a state, or a state subdivision."). Rule 26(a)(1)(B) also exempts such pro se prisoner actions from the conference requirements of Rule 26(f)). This Motion is DENIED.[3]

Next, Plaintiff filed a motion for default. ECF No. 105. In that motion, Plaintiff seeks default because of Defense Counsel's alleged failure to comply with unspecified Local Civil Rules as well as Defense Counsel's alleged failure to comply with Fed.R.Civ.P. 26(a)(1), 26(f) and 26(g)(B)((i)(ii)(iii). This motion is DENIED because, as explained immediately above, Rules 26(a)(1) and 26(f) have not applicability here, in this pro se prisoner case. Insofar as Plaintiff alleges Defense Counsel's failure to comply with Rule 26(g)(1)(B), he fails to specify in what manner Defense Counsel failed to comply and, moreover, even if Defense Counsel did fail to comply, such a failure would not warrant default judgment. Smith v. Shady, 267 F.App'x 181, 182 (3d Cir. 2008) ("Dismissals with prejudice or defaults are drastic sanctions, termed 'extreme' by the Supreme Court, and are to be reserved for comparable cases.") (quoting Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863, 867-68 (3d Cir. 1984)).

Next, Plaintiff has moved for leave to file motion for production of documents. ECF No. 106. Plaintiff seeks to request from Defendants very broad and, possibly, oppressive discovery. Plaintiff need not file a motion for leave to conduct discovery as the case management order, ECF No. 99, permitted the parties to engage in discovery until January 3, 2011. However, that case management order, ECF No, 99, is now **MODIFIED** to limit discovery on the claim of sexual harassment and sexual assault during pat down searches to the issue of whether Plaintiff procedurally defaulted this claim by failing to comply with the DOC grievance procedures and similarly the summary judgment motions, due February 3, 2011, will

---

[3] Moreover, in light of the clear meaning of the Rule, this motion is frivolous and Plaintiff is warned that if he continues to file such frivolous motions, he will be opening himself to a possible sanction.

likewise be limited, on the claim of the sexual harassment/assault, to the issue of procedural default. See, e.g., ECF No. 96-1 at 6 n.3 (Court of Appeals declined to address issue of procedural default in the first instance although raised by the Defendants). Discovery also may be conducted on the equal protection claim, and summary judgment motions as to the equal protection claim are due no later than February 3, 2011. The schedule set forth in the original case management order remains the same. If the decision on the summary judgment motions, which are due by February 3, 2011, does not resolve the claim of sexual harassment on the ground of procedural default, another period of discovery will be set as to that sole claim of sexual harassment/assault and a second set of summary judgment motions will be entertained only as to that claim thereafter.

In consideration of the foregoing, the following order is entered:

AND NOW, this ___ day of December, 2010, Plaintiff's motions filed at ECF Nos. 94, 104, 105 and 107 are DENIED. Plaintiff's Motion for leave to file a motion for production of documents, ECF No. 106, is DENIED as unnecessary. The case management order, ECF No. 99, is hereby MODIFIED to limit discovery on the claim of sexual harassment/assault to the issue of procedural default and the summary judgment motions due February 3, 2011, will likewise be limited to the issue of procedural default on the sexual harassment/assault claim. Lastly, in light of the foregoing, the text order entered December 7, 2010, requiring that the Defendants file a response to ECF No. 104 is hereby VACATED.

_____
Cathy Bissoon
United States Magistrate Judge

cc: Clay Caldwell

EM-2163
SCI Greene
175 Progress Drive
Waynesburg, PA 15370

All counsel of record by Notice of Electronic Filing