IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CLAY CALDWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:08-cv-122 |
| | ) | |
| SUPERINTENDENT LOUIS FOLINO; | ) | Magistrate Judge Bissoon |
| LIEUTENANT M.A. PRICE; SGT. | ) | |
| GAGNON; C.O. J. MILLER; C.O. | ) | |
| LUKACHYK; C.O. TOPKA; C.O. SOKOL; | ) | |
| JEFFREY A. BEARD, Secretary of | ) | |
| Corrections; and LT. NORMAN, | ) | |
| | ) | |
| Defendants. | ) | Re: ECF No. [128] |

## MEMORANDUM ORDER

On January 28, 2008, Plaintiff filed this prisoner civil rights complaint against nine prison officials, all but one of whom worked at SCI-Greene, (*i.e.*, the then DOC Secretary Jeffrey Beard), complaining about conditions Plaintiff encountered while housed at SCI-Greene.[1] On April 30, 2009, Plaintiff filed a notice of change of address, indicating that Plaintiff was permanently transferred to SCI-Greensburg, ECF No. [63]. Plaintiff has filed a motion for a temporary restraining order and preliminary and permanent injunction, ECF No. [128], (hereinafter, "motion for injunctive relief"), a declaration in support, ECF No. [129], and a memorandum of law. ECF No. [130]. In his motion and supporting materials, Plaintiff complains of current conditions at SCI-Greensburg.

Plaintiff's motion for injunctive relief must be denied because Plaintiff's current issues are not in any way related to Plaintiff's pending lawsuit concerning conditions at SCI-Greene.

---

[1] Chief Magistrate Judge Hay previously presided over this case. This case was reassigned to the undersigned on November 1, 2010.

Plaintiff commenced this lawsuit in January of 2008 but Plaintiff was not transferred to SCI-Greensburg until roughly April, 2009.

One may not seek any injunctive relief on claims not made in the underlying lawsuit. Ball v. Famiglio, 396 F.App'x 836, 837 (3d Cir. 2010) ("there must be 'a relationship between the injury claimed in the party's motion [for injunctive relief] and the conduct asserted in the complaint.'") (quoting Little v. Jones, 607 F.3d 1245, 1251 (10th Cir. 2010)) (some internal quotations deleted); Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994) ("Devose's motion is based on new assertions of mistreatment that are entirely different from the claim raised and the relief requested in his inadequate medical treatment lawsuit. Although these new assertions might support additional claims against the same prison officials, they cannot provide the basis for a preliminary injunction in this lawsuit."); Williams v. Platt, NO. CIV-03-281, 2006 WL 149024, at *2 (W.D.Okla. Jan. 18, 2006) ("The complaint addresses two matters at the Logan County Jail . . . . In his requests for injunctive relief, the Plaintiff addresses matters at a separate facility . . . . A preliminary injunction would be inappropriate to address wrongs wholly unrelated to the complaint.") (footnotes omitted). Because Plaintiff seeks injunctive relief concerning claims not made in the complaint, and against individuals who are not parties to the complaint, the motion for injunctive relief must be denied.

**AND NOW**, this 8th day of April, 2011, Plaintiff's Motion for Injunctive Relief is **DENIED**.

Dated: April 8, 2011

                                               s/ Cathy Bissoon
                                               Cathy Bissoon
                                               U.S. Magistrate Judge

cc:    CLAY CALDWELL
        EM-2163
        S.C.I. Greensburg

165 SCI Lane
Greensburg, PA 15601-9103