IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CLAY CALDWELL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SUPERINTENDENT LOUIS FOLINO,<br>et al.,<br>　　　　Defendants. | Case No. 2:08-cv-00122<br>Magistrate Judge Maureen P. Kelly |

## **MEMORANDUM ORDER**

Clay Caldwell ("Plaintiff") has brought this civil rights suit against nine employees of the Department of Corrections stemming from events that allegedly took place while he was incarcerated at the State Correctional Institution at Greene. The case has proceeded through discovery and cross-motions for summary judgment are currently pending.

Presently before the Court is Plaintiff's "Petition for Judgment in the Plaintiff's Motion for Summary Judgment," in which he argues that he is entitled to judgment as a matter of law because Defendants' Answer to the Complaint was untimely filed and that the changes in judges assigned to his case have impeded the judgment. [ECF No. 136]. Citing to mistakes that he has made litigating this case, Plaintiff ask that counsel be appointed to represent him in order to expediting the pending proceedings.[1]

As this Court has previously set forth, section 1915(e)(1) gives the Court broad discretion to determine whether appointment of counsel is warranted, and that determination must be made on a case-by-case basis. <u>Tabron v. Grace</u>, 6 F.3d 147, 157-58 (3d Cir. 1993). As a threshold

---

[1] The Court notes at the outset that this is Plaintiff's sixth request for the appointment of counsel, [ECF Nos. 47, 57, 65, 107, 134], and that his fifth request was filed one week ago and denied only six days ago. [ECF Nos. 134, 135]. Moreover, Plaintiff filed a motion on May 3, 2001, asking the Court to expedite its ruling on his motion for summary

matter the district court should consider whether Plaintiff's claim has arguable merit in fact or law. Parham v. Johnson, 126 F.3d 454, 457 (3d Cir. 1997). See Tabron v. Grace, 6 F.3d at 155. If the Court determines that the claim has some merit, the Court should then consider the following factors:

    1. the plaintiff's ability to present his or her own case;

    2. the complexity of the legal issues;

    3. the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;

    4. the amount the case is likely to turn on credibility determinations;

    5. whether the case will require the testimony of expert witnesses; and

    6. whether the plaintiff can attain and afford counsel on his own behalf.

Parham v. Johnson, *supra*. "The list of factors is not exhaustive, but instead should serve as a guidepost for the district courts. Correspondingly, courts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." Id. at 458.

The Court previously considered Plaintiff's allegations as well as the six factors listed above and determined that the appointment of counsel was not warranted. [ECF No. 107]. Specifically, the Court found that Plaintiff is an experienced pro se litigator, having filed at least nine prisoner actions in the federal courts of Pennsylvania since 2006, and that the two discrete legal issues remaining in the case are neither complex nor beyond Plaintiff's ability to conduct sufficient discovery. See e.g., ECF No. 104 (motion to compel). Indeed, not only is Plaintiff's

---

judgment which was denied less than one week ago. [ECF Nos. 132, 135].

equal protection claim fairly straight forward but his claim of sexual harassment may be dismissible as being procedurally defaulted. The Court also found that while the case may well turn on credibility determinations, that factor is relevant only to the extent that the case will go to trial which, in the Court's estimation, is highly unlikely. Finally, the Court has already found that expert testimony is not likely to be needed and that Plaintiff therefore had not shown entitlement to the appointment of counsel. Plaintiff has not offered any new arguments in support of his motion for the appointment of counsel and, as such, his motion will be denied.

To the extent that Plaintiff complains that his case has been delayed and asks for an expedited ruling on his motion for summary judgment, the motion will also be denied. Notwithstanding the absence of any authority to support Plaintiff's theory that the untimely filing of an Answer to the Complaint entitles him to judgment as a matter of law, it is clear from the record that any delay in filing the Answer was not only due to the unique procedural posture of the case but has not resulted in any prejudice to Plaintiff. The record demonstrates that Defendants filed a motion to dismiss in lieu of an Answer on September 15, 2008. [ECF Nos. 40, 41]. See Fed. R. Civ. P. 12(b). In a Memorandum Opinion and Order filed by this Court on July 1, 2009, the Defendants' motion to dismiss was granted in part and denied in part. The Court also dismissed the only surviving claim *sua sponte* based on Plaintiff's failure to exhaust administrative remedies and closed the case. Plaintiff then appealed to the Court of Appeals for the Third Circuit on July 17, 2009, [ECF Nos. 72, 75], which issued an Opinion on October17, 2010, vacating in part the previous orders entered by this Court, and remanding the matter for further proceedings. [ECF No. 96]. Fourteen days later, on November 1, 2010, the Court entered a Case Management Order setting deadlines for completing discovery and the filing of

dispositive motions. [ECF No. 99]. No one, including Plaintiff, appeared cognizant of the fact that an Answer to the Complaint had not been filed before the case was appealed fifteen months earlier until counsel for Defendants was preparing a response to Plaintiff's recently filed motion for summary judgment. [ECF No. 119, n. 1]. Having completed the discovery process, and having filed a motion for summary judgment on his own behalf as well as responded to Defendants' motion for summary judgment within a day of the Answer being filed it is difficult to see how Plaintiff has been prejudiced.

Nor has Plaintiff demonstrated that he has been prejudiced by the recent reassignments of his case to other judges. Plaintiff's case was reassigned to Magistrate Judge Cathy Bissoon following the unexpected death of Chief Magistrate Amy Reynolds Hay so that the case could proceed until a new Magistrate Judge was appointed and any delay or prejudice to Plaintiff would be avoided. The undersigned was appointed to replace Judge Hay on June 13, 2011, and exactly one week later was assigned Plaintiff's case. In the interim, discovery was conducted and motions for summary judgment were filed. The motions have been placed on the undersigned's motions list according to the date it was filed and will be addressed in due course. Plaintiff's case therefore has proceeded according to schedule notwithstanding the two reassignments.[2]

Accordingly, this 13th day of July, 2011, upon consideration of Plaintiff's "Petition for Judgment in the Plaintiff's Motion for Summary Judgment" [ECF No. 136], IT IS HEREBY ORDERED that, to the extent that Plaintiff is asking the Court to expedite ruling on his motion for summary judgment and has requested the appointment of counsel in order to expedite these

---

[2] Moreover, inasmuch as Plaintiff complains that the reassignments were made without his consent, it is well settled that parties are not entitled to the judge of their choice but only to one that is impartial. Tai-Nan v. Wilson, 336 Fed. Appx. 256, 262 (3d Cir. 2009).

proceedings, the motion is DENIED.

                                                    /s/ *Maureen P. Kelly*
                                                    United States Magistrate Judge


cc:     Clay Caldwell
        EM-2163
        S.C.I. Greensburg
        165 SCI Lane
        Greensburg, PA 15601-9103

        All Counsel of record via CM/ECF